William **JACKSON**, Plaintiff,

v.

**ILLINOIS PRISONER REVIEW BOARD, et al., Defendants.**

No. 87 C 792.

United States District Court, N.D. Illinois, E.D.

Feb. 6, 1987.

---

William Jackson, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

William Jackson ("Jackson") has tendered a pro se in forma pauperis Complaint under 42 U.S.C. § 1983 ("Section 1983") against the Illinois Prisoner Review Board ("Board") and the Illinois Department of Corrections ("Department"). Because Jackson's Complaint does not meet the "frivolousness" standard established by *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975) and reconfirmed in *Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir.1985), leave to file is denied.

Jackson has pretty much ignored the instructions in the Section 1983 form of complaint furnished by the Clerk of this District Court.[1] Instead of setting out the *facts* of his case in clear form, leaving it to this Court to determine whether those facts state a Section 1983 cause of action, he devotes most of his space to attempted legal arguments. Though that approach renders it more difficult for this Court to divine the precise factual basis for (and hence the precise nature of) his complaints, enough is presented by Jackson to demonstrate no arguably constitutional claim is involved.

Jackson's grievances stem from his twice having been denied parole from his 40 to 120 year sentence based on a murder conviction. Even leaving aside the fact that one of those parole denials is already the subject of Jackson's other Section 1983 lawsuit pending before this Court (85 C

---

1. Jackson is not a stranger to Section 1983 litigation. As the text reflects, he has another such case against Board that has been pending before this Court since mid–1985. And this Court has previously rejected, as legally frivolous, at least two other Section 1983 lawsuits attempted by Jackson (including a complaint that raised one of the same arguments he tries to advance here!).

4545), his claims—as Jackson poses them in his current Complaint—deserve only short shrift.

To be sure, Jackson does not have what he asserts as a "Statutory right to release on parole." That is not, however, fatal to claims of the type Jackson advances, because the statute and Board's rules provide an inmate "with a legitimate expectation of parole entitled to some measure of constitutional protection." *Heirens v. Mizell,* 729 F.2d 449, 466 (7th Cir.1984), quoting *United States ex rel. Scott v. Illinois Pardon and Parole Board,* 669 F.2d 1185, 1190 (7th Cir.), *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982). Accordingly the substance of his other assertions must be looked at.

 First, it is clearly established that Board's application of what Jackson calls the "general deterrent" criteria as a basis for denying him parole does not pose ex post facto problems. *Heirens,* 729 F.2d at 458–65. Second, Jackson's complaints about the number of Board members interviewing him and voting on his parole denial have been specifically held not to present constitutional infirmities. *Newbury v. Prisoner Review Board,* 791 F.2d 81 (7th Cir.1986); and see this Court's opinion in Jackson's own earlier case, 631 F.Supp. 150, 152–53 (N.D.Ill.1986).

Finally Jackson complains of Department's calculation of his good time credits. But his own Complaint Ex. A (a March 22, 1984 letter from Department's Director Michael Lane to Jackson) demonstrates conclusively that no ex post facto problem is involved. What Department does is to calculate good time alternatively, under the prior law and the current law, and give the inmate the benefit of the *more* favorable calculation. In other words, the post-conviction standards are applied only if they are better for Jackson. For Jackson to make this argument is inexcusable: It is the *identical* claim Jackson asserted in 84 C 3335, a claim this Court rejected as legally frivolous in an April 24, 1984 opinion and a May 31, 1984 opinion denying reconsideration.

There is clearly no merit in any of Jackson's contentions. They are "frivolous" in the legal sense. Leave to file in forma pauperis is denied.