**E.H. REISE, Plaintiff–Appellant,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, et al., Defendants–Appellees.**

Nos. 91–3414, 91–3844.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 4, 1992.

Decided Feb. 12, 1992.

Richard B. Kay, Tequesta, Fla., for plaintiff-appellant.

John J. Glinski, Asst. Atty. Gen., Michael J. Losse, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for defendants-appellees.

Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

E.H. Reise, who was graduated in the top 5% of his class from the Law School of the University of Wisconsin at Madison, applied for a position on its faculty. The Law School did not hire him. He believes that his race and sex account for the decision, that in recent years the Law School has been unwilling to consider anyone, no matter how skilled, who is not black, female, or otherwise eligible for preferential treatment. According to Reise, only one of the last thirteen appointments to the faculty has been a white male, and that appointment was made in 1985. The Law School says that the persons it hired are better lawyers and scholars than Reise. The district court has set a trial for this coming April to get at the truth. Meanwhile Reise is engaged in jousting.

■ Reise sought a preliminary injunction that would require the Law School to obtain the court's approval before hiring or promoting anyone, or spending money for two programs designed to support minority teachers and scholars. The judge denied this request. Reise's demand is so extravagant that we need know nothing about the

merits to conclude that the district court did not abuse its discretion. "Remedies" of this kind would be problematic even if Reise were to prevail at trial. As demands for preliminary relief, they are absurd.

■ Riding piggyback on Reise's appeal from the denial of a preliminary injunction is his request that we order the judge to postpone the trial. According to Reise, the backbreaking schedule needed to complete discovery in time for trial has overtaxed his lawyer and is destroying his own practice. Yet Reise contends that the published policies of the Law School, and the hiring decisions that have ensued, speak for themselves; why this case should lead to complex discovery eludes us, unless Reise is uncomfortable with his own theory and seeks to scour the defendants' files in the hope that something will turn up. At all events, if it turns out that the schedule was too abbreviated, relief will be available later. Apart from orders respecting preliminary injunctions and a few other categories, only "final decisions" are appealable, and the schedule for trial is hardly a final decision. Reise's request that we supervise the time line of the case is outside our jurisdiction.

■ Reise has filed a separate appeal asking us to reverse the judge's order that he submit to a mental examination under Fed.R.Civ.P. 35. Reise demands $4 million in compensatory damages on account of the mental anguish, emotional distress, and illness that he says he has endured as a result of the Law School's decision not to hire him. Not surprisingly, the Law School wants to obtain a medical opinion on Reise's mental state, so that it may present evidence on that subject at trial. Reise insists that because he is over his distress and is not seeking damages on account of his *current* mental condition, an examination would reveal nothing of value. Again not surprisingly, the Law School is not content with Reise's say-so and wants to check. The district judge, siding with the Law School, ordered Reise to undergo an examination.

Although Reise contends that the examination is unnecessary and that the judge should at all events have ensured that the physician would be independent of the University, we shall have nothing to say about the dispute. Details of discovery are a long way from final decision. Cf. *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987); *Kerr v. United States District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Richards v. Firestone Tire & Rubber Co.,* 928 F.2d 241 (7th Cir. 1991). Reise invokes *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), and *Winters v. Travia,* 495 F.2d 839 (2d Cir.1974), both of which issued writs of mandamus to stop scheduled examinations. Reise filed a notice of appeal, not a petition for mandamus. Even if we were to treat the former as the latter, we would not exercise discretion in Reise's favor. *Schlagenhauf* found a usurpation of power when a district judge ordered *the defendant* to undergo multiple examinations despite the lack of any disputed medical issue; *Winters* dealt with an order directing a Christian Scientist with sincere religious objections to undergo a marginally relevant examination. Reise has claimed no religious scruples against examination. *Schlagenhauf* remarked that a plaintiff "who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." 379 U.S. at 119, 85 S.Ct. at 243. *Schlagenhauf* does not support relief, and cases such as *Kerr* and *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980), make mandamus less readily available than it was in 1964 or 1974.

All then depends on whether an order under Rule 35 is a final decision for purposes of 28 U.S.C. § 1291. One case holds that it is. *Acosta v. Tenneco Oil Co.,* 913 F.2d 205 (5th Cir.1990), concludes that a direction to undergo examination is a "collateral order" appealable under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order to submit to the exami-

nation is "final," the subject is important to the parties, and once the examination has been conducted, any injury the process inflicts cannot be undone. So *Acosta* thought the conditions of *Cohen* satisfied. We respectfully disagree. The reasoning of *Acosta* would make every discovery order appealable. The travail and expense of discovery and trial cannot be reversed at the end of the case, yet this has never been thought sufficient to allow pre-trial appeals. See, e.g., *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Indeed, even orders to produce information over strong objections based on privilege are not appealable, despite the claim that once the cat is out of the bag the privilege is gone. We added in *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir. 1988), that refusal to produce the assertedly-privileged information, followed by a fine in civil contempt, still is not an appealable final decision. (Contrast *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941), which accepted an appeal when the party resisting discovery was jailed for contempt of court.) *Powers* declined to follow cases such as *Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979), that like *Acosta* took jurisdiction by invoking *Cohen*. See *Acosta*, 913 F.2d at 208 (relying on *Wynne & Jaffe*). We could not follow *Acosta* without explicitly or implicitly overruling *Powers*, *Richards*, and the many other cases holding discovery orders—even exceedingly burdensome discovery orders—to be non-appealable. See also, e.g., *R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430 (7th Cir.1991).

It is too late in the day to waste words explaining why interlocutory orders, and discovery orders in particular, are not appealable despite their irreversible costs. Because almost all interlocutory appeals from discovery orders would end in affirmance (the district court possesses discretion, and review is deferential), the costs of delay via appeal, and the costs to the judicial system of entertaining these appeals, exceed in the aggregate the costs of the few erroneous discovery orders that might be corrected were appeals available. And the technical argument is straightforward. A "final" decision usually means the order ending the litigation. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). *Cohen* treats as "final" some important decisions that are "effectively unreviewable on appeal from a final judgment." *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2758, 86 L.Ed.2d 340 (1985); see also, e.g., *Lauro Lines*, 490 U.S. at 498, 109 S.Ct. at 1978. An order under Rule 35 does not meet the standards of *Cohen* as recent cases interpret it. (*Acosta* does not cite a single case in the *Cohen* line, even though a parade of decisions by the Supreme Court during the last decade has shed substantial light on its meaning.)

Discovery orders, including orders to submit to an examination, are readily reviewable after final decision. A party aggrieved by the order assures eventual review by refusing to comply. The district judge then imposes sanctions under Fed. R.Civ.P. 37(b)(2). The probable sanction in a case such as this is an order striking Reise's claim for damages on account of mental and physical distress. If Reise should prevail on the merits but not obtain damages because of the order striking his claim, he may obtain full review on appeal: if the district judge abused his discretion in requiring Reise to submit to an examination, we will remand for further proceedings. True, this procedure creates a potential for two trials, but then so does any other discovery order, or an order disqualifying or failing to disqualify counsel (see *Richardson–Merrell*), or any order granting or denying partial summary judgment. The expense and inconvenience of multiple trials is not the sort of "unreviewability" that permits a *Cohen* appeal. E.g., *Lauro Lines; Van Cauwenberghe; Donnelley.* And requiring the complaining party to take some risk—to back up his belief with action—winnows weak claims. Only per-

sons who have *substantial* objections to the examination and believe their legal positions strong will follow a path that could end in defeat. Among those who take the risk by balking at the order, some will lose on the merits, and their discovery disputes will become moot. Most of the remaining cases will end in affirmance, given deferential review. The number of retrials entailed by the procedure is small, the number of appeals avoided large.

As an order to submit to a physical or mental examination is not appealable under *Cohen*, appeal No. 91–3844 is dismissed for want of jurisdiction. Appeal No. 91–3414 is dismissed to the extent Reise seeks review of the scheduling orders. The order denying preliminary injunctive relief is affirmed.