37 F.3d 325
 29 Fed.R.Serv.3d 1176
 Kenny SIMMONS, Plaintiff-Appellee,
v.
CITY OF RACINE, PFC (POLICE AND FIRE COMMISSION), Officer
Ivy, Investigator Mooney, Officer Boldus,
Lieutenant Holton, and Jailer Sam
Hernandez, Defendants-Appellants.
 No. 93-3031.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 16, 1994.
Decided Oct. 4, 1994.
 
 Alexander T. Pendleton (argued), Cook & Franke, Milwaukee, WI, for plaintiff-appellee.
 Daniel P. Wright, W. Scott Lewis (argued), Racine City Attorney's Office, Racine, WI, for defendants-appellees.
 Before CUMMINGS, HILL* and COFFEY, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 On March 13, 1990, two City of Racine, Wisconsin, Police Department employees, acting on a tip from a confidential informant, approached plaintiff Kenny Simmons in a Racine bar and performed a patdown search for weapons and contraband. None were found, but a third police officer informed them that according to a different confidential informant, the plaintiff was known to hide cocaine between his buttocks. The plaintiff was then arrested on charges of disorderly conduct, transported to the police station, and strip-searched. This search revealed fourteen paper bindles of cocaine hidden in plaintiff's buttocks.
 
 
 2
 The Wisconsin Court of Appeals eventually upheld a circuit court order suppressing the evidence thus obtained, holding that the information provided by the informants was insufficient to establish probable cause for Simmons' strip-search, since there was no evidence in the record to permit a determination of the overall reliability of the informants.
 
 
 3
 In July 1992 Mr. Simmons, acting pro se, commenced this action pursuant to 42 U.S.C. Sec. 1983 against the City of Racine and the officers involved in his arrest and search. The district court thereafter granted plaintiff's request for leave to proceed in forma pauperis but denied his motion for the appointment of counsel. It also denied several of the defendants' motions to dismiss.
 
 
 4
 In April 1993 plaintiff served upon defendants several interrogatories and requests for production of documents. Defendants thereupon responded to those requests and interposed several objections. On June 25 plaintiff filed a motion for an order compelling discovery. On July 26 this motion was granted in part and denied in part by an order of Magistrate Judge Robert L. Bittner, which the defendants then appealed to District Judge J.P. Stadtmueller, who in August 1993 affirmed the order in all respects.
 
 
 5
 Plaintiff sought, among other things, discovery of information concerning the identity and reliability of the confidential informant who had allegedly provided the information that led to his strip-search. Defendants objected to supplying this information on the ground that the identity of the confidential informant was privileged. Magistrate Judge Bittner concluded, however, that "the disclosure of the identity of the confidential informant is essential to the plaintiff's prosecution of this case and is critical in determining the reliability of the confidential informant, upon which the police officers entirely relied as a basis for their belief that the plaintiff had contraband in his person when the strip-search was conducted." Balancing the government's entitlement to assert the informer's privilege against the plaintiff's need for the information, cf. Dole v. Local 1942, International Brotherhood of Electrical Workers, 870 F.2d 368, 373 (7th Cir.1989), he determined that plaintiff was entitled to the information he sought. Def.Short App. 2 at 4. After the district court affirmed the magistrate judge's order compelling discovery, Def.Short App. 1 at 6, the defendants appealed to this Court.
 
 
 6
 This case raises troubling issues of appellate jurisdiction. The defendants argue that, because Mr. Simmons is unrepresented by counsel and therefore the usual protective order--compelling discovery of the informant's identity to the plaintiff's attorney but forbidding the attorney to reveal that information to his client--is unavailable, the district court's order places the informant in such danger that it is immediately reviewable under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528. While we too are disturbed by the prospect of compelling discovery of the informant's identity under these circumstances, we conclude that Seventh Circuit precedent prevents us from finding appellate jurisdiction under the collateral order doctrine. Powers v. Chicago Transit Authority, 846 F.2d 1139, 1142 (7th Cir.1988) (following restrictive Second Circuit precedent regarding appeals pursuant to the collateral order doctrine rather than following precedent from the Fifth and Tenth Circuits).
 
 Discussion
 
 7
 Defendants premise their appeal on the so-called "collateral order" exception to the final judgment rule, first established in Cohen, 337 U.S. at 546, 69 S.Ct. at 1225-26. As we recently explained in Gosnell v. City of Troy, 979 F.2d 1257, 1260-61 (7th Cir.1992) (citations omitted):
 
 
 8
 The final judgment rule derives from 28 U.S.C. Sec. 1291, which gives federal appellate courts "jurisdiction of appeals from all final decisions of the district courts[....]" This language forbids an appeal under section 1291 unless there has been "a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' "
 
 
 9
 Despite this requirement, the Supreme Court has recognized through the collateral order doctrine that a small class of cases demand immediate review. Under this doctrine, an order is immediately appealable under section 1291 if it (1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.
 
 
 10
 Defendants argue that the discovery order at issue here meets the requirements of immediate appealability under the collateral order doctrine. We disagree.
 
 
 11
 Discovery orders are generally not appealable under 28 U.S.C. Sec. 1291 as collateral orders. See e.g., Corporacion Insular de Seguros v. Garcia, 876 F.2d 254, 256 (1st Cir.1989). This is true even of discovery orders issued over an objection that the information at issue is privileged. See, e.g., Reise v. Board of Regents, 957 F.2d 293, 295 (7th Cir.1992); see also Boughton v. Cotter Corp., 10 F.3d 746, 749-50 (10th Cir.1993) (collecting cases). Defendants have suggested no reason that the privilege they assert, the so-called "informer's privilege" recognized in Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, should stand on a different footing from the attorney-client privilege or the executive privilege, neither of which confers upon its holder the right to take an immediate appeal under section 1291 from an adverse discovery order. See, e.g., Boughton, 10 F.3d at 749-50 (attorney-client privilege); In re United States, 680 F.2d 9, 11 (2d Cir.1982) (executive privilege). Cases that squarely address the immediate appealability of discovery orders issued over a claim of informer's privilege are in accord. See, e.g., In re Attorney General, 596 F.2d 58, 61 (2d Cir.1979), certiorari denied sub nom. Socialist Workers Party v. Attorney General of the United States, 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141; In re United States, 565 F.2d 19, 24 (2d Cir.1977), certiorari denied sub nom. Bell v. Socialist Workers Party, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129. As we recently noted (Reise, 957 F.2d at 295):
 
 
 12
 It is too late in the day to waste words explaining why interlocutory orders, and discovery orders in particular, are not appealable despite their irreversible costs. Because almost all interlocutory appeals from discovery orders would end in affirmance (the district court possesses discretion, and review is deferential), the costs of delay via appeal, and the costs to the judicial system of entertaining these appeals, exceed in the aggregate the costs of the few erroneous discovery orders that might be corrected were appeals available.
 
 
 13
 Defendants argue that the possible consequences of revealing an informant's identity to a pro se plaintiff (and one who was found in possession of fourteen bindles of cocaine in his buttocks) justify finding appellate jurisdiction in this case. We are moved by this argument, and we are particularly troubled by the failure of either the magistrate judge or the district judge even to mention this concern in their orders. If the defendants truly have information supporting their claim that the informant would be endangered by revealing his identity, we hope that they will present this information to the district court. Perhaps it will revisit its decision to compel discovery of the informant's identity; perhaps it will revisit its decision not to appoint counsel to represent Mr. Simmons;[1] perhaps it will accommodate legitimate concerns for the informant's safety in some other way. But while our concern for the informant's safety is great, it cannot lead us to find appellate jurisdiction where we otherwise have none. We cannot establish a blanket rule that any order compelling discovery, issued over a claim of informer's privilege, is immediately appealable.
 
 
 14
 "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro, 353 U.S. at 59, 77 S.Ct. at 627. The privilege is qualified, however, not absolute. "[I]t yields when the identification of the informant ... is essential to a balanced measure of the issues and the fair administration of justice. The party opposing the privilege may overcome it upon showing his need for the information outweighs the government's entitlement to the privilege." Dole v. Local 1942, 870 F.2d at 372-73 (citations omitted). The district court's balancing of these competing interests is reviewed for abuse of discretion, id. at 371; reversal, therefore, will be relatively rare. Accord Reise, 957 F.2d at 295. It cannot be said that the need for immediate correction of the relatively few district court orders that erroneously require disclosure of an informant's identity is so great that we must establish a general rule that such orders are immediately appealable. Cf. id. See also Powers, 846 F.2d at 1142 (declining to follow cases that have "taken jurisdiction of appeals by parties when the district court rejected an assertion of privilege").
 
 
 15
 This is particularly true since one who asserts such a privilege is able to obtain immediate review of an adverse discovery order by other means than invoking the collateral order doctrine. Foremost among these is simply refusing to comply with the order.[2] Defendants in this case understandably do not wish to be held in criminal contempt of court as a precondition to obtaining immediate review, but "requiring the complaining party to take some risk--to back up his belief with action--winnows weak claims." Reise, 957 F.2d at 295. We cannot accept defendants' generalized arguments that it would be unseemly to require state officials to adhere to this procedure. Cf., e.g., Corporacion Insular de Seguros, 876 F.2d at 257 (government officials who wish to appeal an adverse discovery order must defy it and be held in contempt; distinguishing United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039); In re Attorney General, 596 F.2d at 61 (after his initial appeal from an order compelling discovery over an objection of informer's privilege was dismissed for want of jurisdiction, In re United States, 565 F.2d at 24, the Attorney General of the United States informed the district court that he would not comply with the order, and was adjudged in civil contempt). But see Socialist Workers Party v. Grubisic, 604 F.2d 1005 (7th Cir.1979) (acknowledging the general rule but finding the collateral order doctrine applicable on the narrow facts).
 
 
 16
 Moreover, defendants are free, upon their refusal to comply with the district court's order, to urge that entry of a default judgment in Mr. Simmons' favor, rather than a contempt citation against them, is the appropriate sanction. Fed.R.Civ.P. 37(b)(2)(C); Newman v. Metropolitan Pier & Exposition Authority, 962 F.2d 589, 591 (7th Cir.1992) ("A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment."); cf. Dole v. Local 1942, 870 F.2d at 371 (upon the Secretary of Labor's refusal to comply with a discovery order, issued over her claim of informer's privilege, the district court dismissed the Secretary's action). They may then appeal from the entry of the default judgment and thereby obtain review of the discovery order. Cf. Dole v. Local 1942, 870 F.2d at 372 (review of dismissal as a sanction for failure to comply with a discovery order entails review of the discovery order).
 
 
 17
 Finally, if defendants are convinced that the district court is acting lawlessly--and not, as they argue here, simply that the district court was wrong--they may petition this court for a writ of mandamus. Cf., e.g., In re von Bulow, 828 F.2d 94, 96 (2d Cir.1987) (order compelling discovery of material supposedly subject to the attorney-client privilege); Usery v. Ritter, 547 F.2d 528, 532 (10th Cir.1977) (order compelling discovery of material supposedly subject to the informer's privilege). We decline, however, to treat this appeal as such a petition. "[M]andamus is not to be used as an ordinary vehicle to obtain interlocutory relief from discovery orders." Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir.1984). We will not treat attempted interlocutory appeals as petitions for mandamus when no arguments have been made that would support the issuance of an extraordinary writ. Cf. Powers, 846 F.2d at 1142-43 (a questionable exercise of discretion will not by itself support a mandamus action).
 
 Conclusion
 
 18
 We are exceedingly troubled by the district court's apparent lack of interest in the safety of the informant in this case. Defendants have advised us that there is "a clear and present danger of retaliation against the informant" if his identity is revealed to the plaintiff. Def.Br. at 2. Neither the magistrate judge nor the district judge addressed this matter in their orders. See generally Def.Short App. 1, 2. We suggest that the defendants renew their arguments concerning danger to the informant by supplying the district court with credible facts. If this route is unsuccessful, they may wish to test the matter by resisting the discovery order and appealing from sanctions in the form of criminal contempt or a default judgment.
 
 
 19
 We urge all concerned to take steps to ensure that Mr. Simmons' legitimate discovery requests are satisfied without exposing others to undue risk, but we must adhere to Seventh Circuit authority that we lack jurisdiction to decide this controversy at this time. Since "the most that can be claimed on this record is that [the district court] may have erred in ruling on matters within [its] jurisdiction," Will v. United States, 389 U.S. 90, 103-04, 88 S.Ct. 269, 278, 19 L.Ed.2d 305, no relief is available at present to the defendants. The appeal is accordingly dismissed.
 
 
 
 *
 The Honorable James C. Hill of the United States Court of Appeals for the Eleventh Circuit is sitting by designation
 
 
 [1]
 Defendants represent that they would be satisfied to reveal the name of their informant to Mr. Simmons' counsel (Def.Br. at 3-4); they simply object to revealing this information to Mr. Simmons himself. It appears that defendants' stated concern for the safety of their informant would be addressed if the district court would reconsider its interlocutory order denying Mr. Simmons' motion for the appointment of counsel, and compel discovery of the informant's name under a protective order
 
 
 [2]
 Of course, one who is subject to an adverse discovery order may always attempt to take a permissive interlocutory appeal in appropriate circumstances. 28 U.S.C. Sec. 1292(b); cf., e.g., Miller v. Transamerican Press, Inc., 621 F.2d 721, 722 (5th Cir.1980) (reviewing an order compelling discovery of the identity of a journalist's informant under 28 U.S.C. Sec. 1292(b)), opinion supplemented at 628 F.2d 932, certiorari denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 238