USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1281 VEDA BENNETT, ET AL., Plaintiffs, Appellees, v. CITY OF BOSTON, ET AL., Defendants, Appellees.  __________ COMMONWEALTH OF MASSACHUSETTS, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Scott Harshbarger, Attorney General, and William J. Meade, __________________ ___________________ Assistant Attorney General, on memorandum of law for appellant. Mitchell H. Kaplan, Diane L. Azarian, Richard J. Maloney, and ___________________ _________________ ___________________ Choate, Hall & Stewart on memorandum of law for appellees Yvonne and ______________________ Shannon Jenkins. ____________________ May 9, 1995 ____________________ Per Curiam. In this pending civil rights action, the __________ District Attorney for Suffolk County in Massachusetts seeks to appeal from an order mandating that various investigative materials in his possession be disclosed to plaintiffs. Because we lack jurisdiction to entertain such an interlocutory challenge to a discovery order, the appeal will be dismissed. I. The underlying action arises out of the investigation of Willie Bennett for the murder of Carol DiMaiti Stuart. Eight relatives and acquaintances of Bennett complain of unlawful searches of their homes and seizures of their persons and property in connection with that investigation. In particular, they contend that the defendants--the City of Boston, its police commissioner and five police officers-- coerced two teenagers into giving false statements implicating Bennett and thereafter wrongfully used such statements to obtain search warrants and for other investigative purposes. In the course of pretrial proceedings, plaintiffs served upon the Suffolk District Attorney (a non-party to the case) a subpoena duces tecum requesting an assortment of materials pertaining to the murder investigation. Among the items sought were grand jury transcripts, witness statements, and various materials concerning witness interviews and the -2- procurement of search warrants (e.g., police reports, audio ____ and video tapes, transcripts, and physical evidence). The District Attorney moved to quash, arguing that such items were privileged investigative materials and thus were exempt from disclosure. See, e.g., United States v. Cintolo, 818 ___ ____ _____________ _______ F.2d 980, 1002 (1st Cir.) (recognizing "qualified privilege against compelled government disclosure of sensitive investigative techniques"), cert. denied, 484 U.S. 913 _____________ (1987).1 Following a hearing, the district court agreed that the grand jury transcripts need not be disclosed, but ordered that all non-grand-jury materials be produced subject to a protective order. The District Attorney has appealed from the latter portion of this ruling, and appellees have moved to dismiss for lack of jurisdiction. II. Each of the District Attorney's attempts to establish appellate jurisdiction is effectively rebuffed by our decision in Corporacion Insular de Seguros v. Garcia, 876 ________________________________ ______ F.2d 254 (1st Cir. 1989). As we there explained, discovery orders, "whether directed at parties or at non-parties," are generally not appealable as "final decisions" under 28 U.S.C. 1291. Id. at 256. They are generally not appealable as ___ "injunctions" under 28 U.S.C. 1292(a)(1). Id. And they ___  ____________________ 1. The District Attorney has also made reference, secondarily, to a privilege embracing "prosecutorial or deliberative processes or work product." -3- are generally not appealable under the "collateral order" exception to the final judgment rule set forth in Cohen v. _____ Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). _____________________________ One of the prerequisites to invoking the Cohen exception is _____ that the order be "effectively unreviewable on appeal from a final judgment." Doughty v. Underwriters at Lloyd's, London, _______ _______________________________ 6 F.3d 856, 862 (1st Cir. 1993). Such is not the case here; the District Attorney "can gain the right of appeal from the discovery order by defying it, being held in contempt, and then appealing from the contempt order, which would be a final judgment as to [him]." Garcia, 876 F.2d at 257; ______ accord, e.g., Firestone Tire & Rubber Co. v. Risjord, 449 ______ ____ _____________________________ _______ U.S. 368, 377 (1981); MDK, Inc. v. Mike's Train House, Inc., _________ ________________________ 27 F.3d 116, 120-22 (4th Cir.), cert. denied, 115 S. Ct. 510 ____________ (1994); see generally In re Recticel Foam Corp., 859 F.2d ______________ ___________________________ 1000, 1004 (1st Cir. 1988) ("discovery orders rarely satisfy all four of [the Cohen] criteria"). _____ While acknowledging that incurring a contempt citation is the ordinary route to appellate review in this context, the District Attorney argues that his status as an elected government official and the county's chief law enforcement officer calls for a different procedure. He relies in this regard on United States v. Nixon, 418 U.S. 683 (1974), where _____________ _____ the Court allowed President Nixon to appeal from a discovery order without first being cited for contempt. It explained: -4- To require a President of the United States to place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review of the ruling would be unseemly, and would present an unnecessary occasion for constitutional confrontation between two branches of the Government. Id. at 691-92. A similar argument was advanced by the Garcia ___ ______ appellants (aides to the President of the Puerto Rico Senate and the Puerto Rico Governor, respectively). We deemed Nixon _____ inapplicable, describing it as a "unique case" that was not "meant to extend ... to any government official other than the President himself." 876 F.2d at 257-58. Other courts have read Nixon in a similarly narrow fashion. See, e.g., _____ ___ ____ Simmons v. City of Racine, PFC, 37 F.3d 325, 328 (7th Cir. _______ ____________________ 1994) (refusing to extend Nixon exception to police _____ department officers and employees); In re United States, 985 ___________________ F.2d 510, 511 (11th Cir.) (per curiam) (same as to FDA Commissioner), cert. denied, 114 S. Ct. 545 (1993); Newton v. ____________ ______ National Broadcasting Co., 726 F.2d 591, 593 (9th Cir. 1984) _________________________ (per curiam) (same as to state gaming control board); United ______ States v. Winner, 641 F.2d 825, 830 (10th Cir. 1981) (same as ______ ______ to Deputy Attorney General and Assistant Attorney General of United States); In re Attorney General of the United States, ____________________________________________ 596 F.2d 58, 62 (2d Cir.) (same as to Attorney General), cert. denied, 444 U.S. 903 (1979).2 ____________  ____________________ 2. Contrary to the District Attorney's suggestion, Socialist _________ Workers Party v. Grubisic, 604 F.2d 1005 (7th Cir. 1979) (per _____________ ________ curiam), on which he heavily relies, did not conclude that -5- In several of these cases, it is true, the courts relied on the principles underlying the Nixon exception to conclude _____ that the circumstances were sufficiently exceptional to warrant mandamus relief. See In re United States, 985 F.2d ___ ___________________ at 511-12; Winner, 641 F.2d at 830-31; In re Attorney General ______ ______________________ of the United States, 596 F.2d at 62-64. The District ______________________ Attorney requests, in the alternative, that we do the same here. Assuming, without deciding, that the extraordinary remedy of mandamus might on occasion be appropriate in this context, we readily conclude--just as we did in Garcia, 876 ______ F.2d at 261--that such relief is unwarranted here. Several factors underlie this conclusion. First, the District Attorney has satisfied neither of the traditional prerequisites to mandamus relief: (1) a showing of some special risk of irreparable harm, and (2) a demonstration of clear entitlement to the relief requested, i.e., that the district court's order is palpably erroneous. See, e.g., ___ ____ Doughty, 6 F.3d at 865; In re Pearson, 990 F.2d 653, 656 (1st _______ _____________ Cir. 1993). Second, the discovery ruling at issue here is  ____________________ the appellant State's Attorney fell within the Nixon _____ exception; the court there ended up invoking the collateral order exception. The same court, more recently, has applied Nixon narrowly and confined Grubisic to the "narrow facts" _____ ________ presented. See Simmons, 37 F.3d at 328-29. We also note ___ _______ that the principal case on which the Grubisic court relied-- ________ Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th ______________ ____________________ Cir.), cert. denied, 380 U.S. 964 (1965)--has since been ____________ discredited. See, e.g., MDK, Inc., 27 F.3d at 120; Boughton ___ ____ _________ ________ v. Cotter Corp., 10 F.3d 746, 749 (10th Cir. 1993). ____________ -6- one largely entrusted to the district court's discretion, and "mandamus, as a general rule, will not issue to control exercises of judicial discretion." In re Insurers Syndicate, ________________________ 864 F.2d 208, 211 (1st Cir. 1988); accord, e.g., In re ______ ____ ______ Recticel Foam Corp., 859 F.2d at 1006. Third, the _____________________ possibility of a "softened" contempt decree involving a citation without further sanction, see, e.g., Garcia, 876 ___ ____ ______ F.2d at 259 (quoting National Super Spuds, Inc. v. New York __________________________ ________ Mercantile Exchange, 591 F.2d 174, 180 (2d Cir. 1979)), might ___________________ go far to mitigate any "unseemliness" that might otherwise arise from holding the District Attorney in contempt. Finally, the recent decision in Globe Newspaper Co. v. Police ___________________ ______ Comm'r of Boston, 419 Mass. 852 (1995), in which the Supreme _________________ Judicial Court ordered public dissemination of many of the same materials at issue here, further undercuts the propriety of ordering such extraordinary relief. The appeal is dismissed for lack of jurisdiction. The ________________________________________________________ temporary stay issued on March 22, 1995 is hereby dissolved. _____________________________________________________________ Appellant's motion to stay the appeal is denied as moot.  ________________________________________________________ -7-