70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny SMITH, Plaintiff-Appellant,
v.
ILLINOIS PAROLE BOARD, James K. Williams, Corrine Franklin,
Anne Taylor, William Harris, Barbara Hubbard,
Rafael Nieves, Joseph Dakin, and Joanne
Shea, Respondents-Appellees.
 No. 94-3688.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 15, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Johnny Smith sought relief under 42 U.S.C. Sec. 1983 asserting that the Illinois Parole Board and its members violated his constitutional rights during a 1993 hearing denying him parole. The district court dismissed[1] plaintiff's due process claims and denied Smith's request for counsel. We have carefully reviewed the record and briefs in this matter and affirm the judgment for the reasons detailed by the district court in its September 12, 1994 Order, attached hereto. We separately address Smith's arguments not addressed by the district court.
 
 
 2
 Smith contends that the parole hearing violated his constitutional right to equal protection because an offender with a longer sentence than Smith and allegedly more culpable was granted parole. This issue was never presented to the district court; The mere incantation of the term "Equal Protection" in the complaint did not sufficiently raise this argument nor was this argument presented in Smith's response to the motion to dismiss.[2] The issue is therefore waived. Williams v. Turner, 5 F.3d 1114, 1116 (7th Cir.1993); United States ex rel. Cole v. Lane, 752 F.2d 1210, 1219 (7th Cir.1985).
 
 
 3
 Smith argues that the district court erred in improperly denying his motions seeking production of documents.[3] The district court did not abuse its discretion in denying Smith's discovery requests because Smith failed to serve the requests upon the defendants as required under the district court's Local Rule 2.6 USDC CD-IL R. 2.6; see Fed.R.Civ.P. 34(a). See also Simmons v. City of Racine, Police and Fire Comm'n, 37 F.3d 325 (7th Cir.1994) (reviewing discovery orders deferentially); Wienco, Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 567-68 (7th Cir.1992) (reviewing the application of the Rules of the United States District Court for the Northern District of Illinois). Smith also contends that the district judge erred by not conducting an in camera review of an audio-cassette of Smith's 1992 parole hearing, a different hearing than the hearing challenged in Smith's complaint. We agree with the district judge's thorough analysis given for refusing to review these tapes since they are irrelevant.[4] See Attached Order at 8-10.
 
 
 4
 Finally, we review the district court's decision not to appoint counsel for an abuse of discretion. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992). The district court concluded that appointment of counsel was not warranted considering the factors set forth in Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981). A pro se civil litigant who desires to have counsel appointed must demonstrate as a threshold matter that he has made reasonable efforts to retain counsel or that he was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. Because Smith presents no evidence that he did make such efforts and, in any event, because he appears competent to try the case himself, see Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993), we find no abuse of discretion in the district court's denial of counsel.
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 
 6
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 7
 Johnny SMITH, Plaintiff,
 
 
 8
 v.
 
 
 9
 James K. WILLIAMS, et al., Defendants.
 
 No. 93-1454
 ORDER
 
 10
 McDADE, District Judge.
 
 
 11
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, members of the Illinois Prisoner Review Board, violated the plaintiff's constitutional rights by denying him due process in parole proceedings. More specifically, the plaintiff alleges that the defendants considered improper information and refused to provide him legal counsel. This matter is before the court for consideration of the defendants' motion to dismiss, which the court construes as a motion for summary judgment.[1] For the reasons stated in this order, the motion will be allowed.
 
 
 12
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Corp., 956 F.2d 1436, 1440 (7th Cir.1992).
 
 
 13
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir.1992).
 
 FACTS
 
 14
 The plaintiff is a state prisoner, serving six concurrent sentences: a 100- to 200-year sentence for two counts of murder; 10 to 100 years for attempted murder; and 6 to 20 years for three counts of attempted armed robbery. The plaintiff has been incarcerated since 1975. The defendant James Williams is the Chairperson of the Illinois Prisoner Review Board [hereinafter, "PRB"], which hears applications for parole release. The other eight defendants are PRB members.[2]
 
 
 15
 On September 15, 1993, the plaintiff appeared before the PRB to request parole. [The record indicates that it was at least the plaintiff's twelfth time appearing before the PRB.] The plaintiff was not represented by an attorney.
 
 
 16
 The plaintiff's file contains an "Official Statement of Facts" from the state's attorney summarizing the plaintiff's crime. The statement reads as follows:
 
 
 17
 At approximately 12:00 p.m. on April 20, 1974 Hardy Lewis and John Smith [the plaintiff in this case] along with the now deceased Joseph Garrett, went to the apartment of Henry Johnson at 1742 W. 77th Street. Present at that time with Johnson was his wife, Delois. On entering the apartment, Hardy Lewis and John Smith drew handguns and forced Henry Johnson, his wife, Delois, and Joseph Garrett into the washroom.
 
 
 18
 The defendants demanded to know the whereabouts of the money and drugs that were allegedly kept in the apartment. When no money or drugs was turned over to them, Lewis and Smith forced the three victims to kneel next to a water-filled bathtub. They forced the victims to place their arms and heads into the water. One of the defendants then plugged an iron into an outlet and threw the iron into the water with the intention of electrocuting the three victims.
 
 
 19
 When this attempt failed, Hardy Lewis shot Henry Johnson, Joseph Garrett, and Delois Johnson in the back of their heads as they were kneeling over the tub. As a result of this shooting Henry Johnson and Joseph Garrett died. Delois Johnson survived and subsequently identified Hardy Lewis and John Smith in open court as the persons who had perpetrated this offense.
 
 
 20
 Apparently every time the plaintiff is eligible for a parole hearing, the Cook County state's attorney also sends a protest letter. The most detailed of the letters, dated March 30, 1983, stated:
 
 
 21
 Richard M. Daley, State's Attorney of Cook County, strongly objects to the above named prisoner being granted parole, for the following reasons:
 
 
 22
 The above defendant was positively identified as one of two men who on April 20, 1974 at approximately 12:00 p.m. forcibly entered the apartment of Henry Johnson at 1742 West 77th Street, Chicago. While armed the defendants forced Henry Johnson, Delois Johnson, and Joseph Garrett into the washroom demanding to know the whereabouts of any money. Subsequent to these demands the defendants forced the three victims to kneel next to a water filled bathtub and place their arms and heads into the water at which time the defendants plugged an iron into an electrical outlet and threw the iron into the water with the intention of electrocuting the victims. After this act Hardy Lewis shot and killed Henry Johnson and Joseph Garrett and shot Delois Johnson causing her great bodily harm while John Smith looked on.
 
 
 23
 This prisoner would again be a serious threat to society were he to be paroled. The court sentenced this inmate to a long term in the penitentiary because of the brutality of this offense, and because the Court recognized that society would be protected from him for the longest legally permissible time. We strongly urge his continued incarceration for the maximum of his sentence.
 
 
 24
 Another letter dated August 23, 1987 observed:
 
 
 25
 The Court was fully aware of prisoner's past criminal behaviour and the possibility of future danger to the community when it imposed a 100 to 200 year sentence on him. At the time of sentencing, the Court no doubt felt that this sentence would keep prisoner behind bars for the rest of his natural life....
 
 
 26
 The state's attorney has sent similar letters of remonstration at every subsequent parole hearing. Although the plaintiff challenged the official statement and letters as "inaccurate and misleading," the PRB considered the documents without requiring proof of the state's attorney's allegations.
 
 
 27
 On September 23, 1993, the plaintiff received a statement informing him that he had been denied parole. The Rationale stated:
 
 
 28
 The Prisoner Review board met during an en banc session and carefully reviewed your case for parole consideration. The board has reviewed your file including the official statement of facts, the institutional record of adjustment and achievement, State's Attorney's letters of protest, letters written on your behalf by supporters and release plans. The Board was also privy to information that was provided by you and your supporters at your parole hearing on September 15, 1993.
 
 
 29
 You are serving sentences of 100 to 200 years for murder, 10 to 100 years for attempted murder, 6 to 20 years for 3 counts of attempted armed robbery in a 1974 indictment from Cook County. The facts of the case indicate that you and a codefendant while armed, forced three victims into a bathroom and made them kneel next to a water filled bath tub and place their arms and heads into the water. You then plugged an iron into an outlet and then put the iron into the water with the intent of electrocuting the victims. When this did not work, the victims were each shot in the backs of their heads by your codefendant. Two male victims were killed, but the female victim survived to identify her attackers. You and the codefendant received the same sentence. The board notes you claim were found guilty on the theory of accountability.
 
 
 30
 You have an adequate institutional adjustment with only two minor disciplinary reports since your last Board appearance. A satisfactory work history is also noted.
 
 
 31
 Release plans to the home of your wife in the state of Virginia, as well as the potential for an employment opportunity at the Fannie Mae Corporation, was discussed and noted.
 
 
 32
 After a thorough review of your case the board continues to feel that because of the senseless violence noted in the committing offense, as well as the length of the sentence, a release at this time would deprecate the seriousness of the offense and promote disrespect for the law.
 
 
 33
 One of the PRB members who voted against granting parole had not attended the hearing.
 
 DISCUSSION
 
 34
 No material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. The defendants are absolutely immune from suits for damages. Regardless, there is no genuine issue as to whether the parole proceedings deprived the plaintiff of due process. Accordingly, the defendants' motion to dismiss (for summary judgment) must be granted.
 
 
 35
 The plaintiff cannot obtain monetary damages from members of the Illinois Prisoner Review Board. Parole board officers, as quasi-judicial officials, enjoy absolute immunity from damages. Walker v. Prisoner Review Board, 769 F.2d 396, 399 (7th Cir.1985). The plaintiff's attempt to circumvent immunity by suing the defendants in their official capacities also fails. The parole board and its officers in their official capacities are protected by sovereign immunity under the Eleventh Amendment. Kashani v. Purdue University, 813 F.2d 843, 848 (7th Cir.1987), cert. denied, 484 U.S. 846 (1987).
 
 
 36
 It should further be noted that this court cannot, in the context of a civil rights action, reweigh the PRB's decision nor otherwise determine whether the plaintiff is an appropriate candidate for parole. If the plaintiff asserts a right to be released on parole, then he must bring a habeas corpus action [after exhausting state remedies].[3] Crump v. Lane, 807 F.2d 1394, 1401 n. 7 (7th Cir.1986); Huggins v. Isenbarger, 798 F.2d 203, 204 (7th Cir.1986). In the framework of this case, the court can determine only whether the parole proceedings were in accordance with due process. Id. After reviewing the record, the court finds that the parole proceedings did not violate the plaintiff's constitutional rights.
 
 
 37
 The plaintiff was not entitled to an attorney either at his hearing, or in preparation therefore. A parole hearing is not part of a criminal prosecution; therefore, parole candidates are not afforded all the protections that criminal defendants receive. Newbury v. Prisoner Review Bd., 791 F.2d 81, 85 (7th Cir.1986). The Sixth Amendment right to counsel does not attach to parole proceedings. McGee v. Aaron, 523 F.2d 825, 827 n. 2 (7th Cir.1975). The fact that counsel was not appointed to assist the plaintiff did not deprive him of due process.
 
 
 38
 Furthermore, the Board had no duty to tape-record the proceedings, see Newbury, 791 F.2d at 83, and the plaintiff's proof that the hearing was, in fact, recorded is a non-issue. Illinois statutes require only that one member of the Board be present at the hearing and that s/he make a summary report of the hearing to Board members who were not present. See 730 ILCS 5/3-3-5 et seq. (1992).
 
 
 39
 Thus, the plaintiff likewise has no colorable claim regarding the vote by a PRB member who was not present at the hearing. The Illinois Administrative Code, which governs parole procedures, mandates en banc hearings for those convicted of murder, and sets forth the guidelines for such hearings. See 20 Ill.Admin.Code 1610.40(4)(A) (1991). The rules specifically authorize that a panel of "at least one member ... interview the inmate and hear any witnesses," 1610.40(1), then submit the case to the entire Board, 1610.40(4)(A).
 
 
 40
 The courts have upheld the en banc hearing procedures. In Newbury v. Prisoner Review Bd. of State of Illinois, 791 F.2d 81, 87 (7th Cir.1986), the court stated,
 
 
 41
 The Due Process Clause does not require that all members of the Prisoner Review Board panel who vote on a particular inmate's application be present at the inmate's parole hearing. The Board's procedure for providing the inmate with the opportunity to appear personally before at least one member of the panel of the Review Board to insure that the Board is considering his records and to present any special considerations demonstrating why he is an appropriate candidate for parole, satisfies the requirement of the Due Process Clause....
 
 
 42
 See also Jackson v. Illinois Prisoner Review Board, 659 F.Supp. 333 (N.D.Ill.1987). Although the parole regulations entitle the plaintiff to a vote by the entire board en banc, he has no right to appear in person before all twelve individual members.
 
 
 43
 Finally, the Board did not consider improper information. "Due process is not violated when a parole board relies on information that has not been proved in an adversarial setting." Walker v. Prisoner Review Board, 769 F.2d 396, 400 (7th Cir.1985), relying on Solomon v. Elsea, 676 F.2d 282, 288 (7th Cir.1982). The State did not have to prove the charges in the letters and Official Statement by "clear and convincing" evidence, as the plaintiff argues.
 
 
 44
 In any case, the court rejects the plaintiff's argument that the information provided by the state's attorney is false, erroneous or misleading. The parole record clearly indicates that the plaintiff's co-defendant shot the victims. The dispute over whether the plaintiff personally participated in the attempted bathroom electrocution is irrelevant. [Apparently, there was contradicting evidence at trial; the Official Statement accordingly states, simply, that "one of the defendants" attempted the electrocution.]
 
 
 45
 As recognized by the PRB, the plaintiff was convicted on a theory of "accountability." In taking part in the attempted armed robbery, the plaintiff was criminally liable for the brutal, atrocious acts of his cohort, regardless of whether the plaintiff himself actually committed the violence. The plaintiff's conviction has been upheld every time the courts have reviewed his myriad challenges. The plaintiff cannot re-argue his innocence at the parole hearing.
 
 
 46
 The presence of one, 1987 letter in the plaintiff's file incorrectly referring to his "past criminal behavior" likewise fails to implicate the Due Process Clause. Whether or not the plaintiff had a criminal record prior to his 1975 conviction, none of the Parole Board summaries cite reliance on such information as a factor in denying parole. See Walker v. Prisoner Review Board, 769 F.2d 396, 400 (7th Cir.1985) (mere presence of allegedly inflammatory information in parole file did not violate inmate's rights where Board did not consider such material). The sentencing court specifically balanced "the heinous nature of the crime against the defendants' lack of criminal records." Smith v. People, 59 Ill.App. 3rd 480, 493 (1978). The plaintiff has been denied parole on the basis of the crime for which he is incarcerated; therefore, his criminal history is irrelevant.
 
 
 47
 In sum, even viewing the record in the light most favorable to the plaintiff, the court finds that the defendants are entitled to judgment as a matter of law. The plaintiff's claims regarding a denial of due process in the parole proceedings are wholly without merit. The plaintiff, an experienced litigator, plainly failed to perform any legal research prior to bringing this suit and has argued against clearly established case law. The plaintiff is warned that he is subject to Rule 11's provisions for sanctions, regardless of his pro se status and indigence.
 
 
 48
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 27), which the court treats as a motion for summary judgment, is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 49
 IT IS FURTHER ORDERED that the plaintiff's motions to submit evidence for in camera inspections (docket numbers 33 and 35) are denied as moot.
 
 
 50
 IT IS FURTHER ORDERED that the plaintiff's third motion for appointment of counsel (docket # 42) is denied as moot.
 
 
 51
 IT IS FURTHER ORDERED that the plaintiff's motion for an extension of time (docket # 37) to respond to the defendants' motion to dismiss is denied as moot.
 
 
 52
 Enter this 12th day of September, 1994.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The court properly treated defendants' motion to dismiss as a motion for summary judgment since Smith submitted numerous exhibits to the pleadings. See Fed.R.Civ.P. 12(b); 56
 
 
 [2]
 Smith's complaint obliquely states that "Equal Protection of Law means that all parties are to be treated equally, State was given an unfair advantage."
 
 
 [3]
 Smith filed a renewed motion for documents instead of following the district judge's advice (offered after denying Smith's first motion) to properly file discovery requests by serving the defendants rather than filing such requests as motions with the court
 
 
 [4]
 The Board's rationales (R. at 38, Exs. X, Y, Z, AA, BB, and CC) from 1987-1993 repeatedly note Smith's objection to a State's Attorney's protest letter that implied that Smith was personally responsible for the homicide and attempted homicide of the victims. The Board acknowledged that Smith's conviction rested on an accomplice accountability theory rather than direct responsibility. The Board denied Smith parole, not based on any false letter as Smith contends, but because parole would serve to "deprecate the seriousness of [Smith's] offence." Id., Ex. X
 
 
 [1]
 See Minute Entry of August 2, 1994; Fed.R.Civ.P. 12(c)
 
 
 [2]
 The defendant Tommy Wells has not been served. The court therefore has no jurisdiction over Wells
 
 
 [3]
 In fact, a search in Westlaw reveals that the plaintiff has filed numerous post-conviction and habeas petitions, all of which have been denied