**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009[*]
Decided March 19, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2935

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 06-cr-40063-JPG |
| MERVYN T. BUTLER, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Mervyn Butler appeals the district court's denial of a discovery request that he made as part of post-judgment litigation. We dismiss because we do not have jurisdiction to hear his interlocutory appeal of a discovery order.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

In February 2008, Butler was acquitted of one count of conspiring to possess and distribute crack, *see* 21 U.S.C. §§ 841, 846, and one count of carrying a firearm to further a drug crime, *see* 18 U.S.C. § 924(c). Believing that he had been prosecuted in bad faith and was thus entitled to attorney's fees and costs under the Hyde Amendment, Butler filed a motion to recover those expenses. *See* 18 U.S.C. § 3006A Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2519 (1997). Butler also filed a separate motion requesting that the court allow him to inspect the government's legal file, but the court denied that request. The district court also denied without prejudice Butler's motion for attorney's fees because he had failed to comply with the procedural requirements of the Hyde Amendment, and it gave him 30 days to refile the motion. Butler did not refile the fee-request motion; instead he asked again for the court to allow him to inspect the government's file as a prelude to another motion for fees. The district court concluded that there was no basis for the discovery request because Butler had not refiled his motion for attorney's fees, and furthermore he had not explained what relevant information he expected to find in the government's files.

Butler appeals the second order denying him access to the government's file. He argues, without elaboration, that the district court's decision prohibited him from "perfecting" his amended petition for attorney's fees and violated his rights to due process, fundamental fairness, and equal protection. But we generally do not hear interlocutory appeals of discovery rulings, such as occurred in this case, because the disadvantaged party has a remedy at the end of the district court proceeding, and thus it is more efficient for us to consider an appeal of a discovery ruling as part of an appeal of a final judgment. *United States ex. rel. Chandler v. Cook County*, 277 F.3d 969, 981 (7th Cir. 2002); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 32 F.3d 1175, 1177 (7th Cir. 1994); *Reise v. Bd. of Regents of Univ. of Wis.*, 957 F.2d 293, 294-95 (7th Cir. 1992). We cannot consider Butler's arguments because he attempts to appeal the district court's ruling on a discovery matter before he even *refiled* his motion for attorney's fees, let alone before the court reached a final judgment on that motion. Here, Butler could have simply filed his amended motion without the information he sought and, if later dissatisfied with the final order on his fee request, appealed that final order, claiming then that the district court had abused its discretion in the discovery ruling. *See Allendale*, 32 F.3d at 1177.

DISMISSED.