760 F.2d 148
 Robert Michael HANAHAN, Petitioner-Appellant, Cross-Appellee,
v.
Dennis M. LUTHER, Warden, Chicago Metropolitan Correctional
Center, and William Pilcher, Chief Probation
Officer, Northern District of Illinois,
Respondents- Appellees,
Cross-Appellants.
 Nos. 84-1095, 84-1258.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 1, 1984.
Decided April 19, 1985.
 
 Richard F. Walsh, Chicago, Ill., for petitioner-appellant, cross-appellee.
 Michael S. O'Connell, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for respondents-appellees, cross-appellants.
 Before WOOD, Circuit Judge, PELL, Senior Circuit Judge, and GRANT, Senior District Judge.*
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 Petitioner Hanahan's appeal and respondents' cross-appeal challenge, respectively, the district court's decisions that Hanahan was not entitled to credit against his sentence for the time spent on court-ordered bail following the revocation of his parole and that Hanahan was entitled to credit against his sentence for time spent on court-ordered bail before the revocation of his parole. We hold that the district court lacked jurisdiction of the case, and we vacate its judgment.
 
 I.
 
 2
 Petitioner Hanahan was convicted of bank robbery and robbery of an Internal Revenue Service facility in 1969 and sentenced to 15 years' imprisonment. He was paroled on November 17, 1975. On December 3, 1979, Hanahan and four others were discovered by the police in the parking lot of Northwest Federal Savings Association in Chicago. Hanahan, driving a van, led the police on a high-speed chase. He was apprehended and the van was searched. The search uncovered several handguns, rubber face masks, a crowbar and a sledge hammer.
 
 
 3
 On December 17, 1979, the United States Parole Commission issued a parole violator warrant against Hanahan, charging him with unauthorized association with known criminals, unauthorized possession of firearms, possession of a stolen motor vehicle, and conspiracy to commit robbery. Hanahan was taken into federal custody pursuant to the warrant on December 18, 1979. A supplemental warrant, issued on February 15, 1980, charged Hanahan with unauthorized association with a known felon and leaving the district without permission.
 
 
 4
 On December 26, 1979, Hanahan, who was confined at the Metropolitan Correctional Center ("MCC") in Chicago, filed a petition for a writ of habeas corpus, naming as respondents Dennis Luther, the Warden of MCC, and William Pilcher, Chief Probation Officer for the Northern District of Illinois. In the petition, Hanahan challenged his "protracted confinement without [a] hearing to determine whether proper cause exists for such confinement." Hanahan also filed an emergency motion for release pending a parole revocation hearing. The motion was granted; bond was set at $20,000 (10% secured) on the condition that Hanahan appear for his revocation hearing. The bond was filed on December 17, 1979, and Hanahan was released.
 
 
 5
 Hanahan received a revocation hearing on April 29, 1980 and, pursuant to a ruling by the Parole Commission, a second revocation hearing on August 18, 1980. On September 10, 1980, the Parole Commission, having determined that Hanahan had violated his parole, entered an order revoking parole. This decision was affirmed by the Regional Commissioner on October 16, 1980, and by the National Appeals Board on January 28, 1981. Hanahan's motions to continue on bail pending administrative review had been granted by the district court on September 25, 1980 and November 24, 1980. Following the National Appeals Board decision affirming the revocation decision, the government orally moved to have Hanahan remanded to the custody of the Attorney General. The motion was denied and Hanahan was given leave to file an amended petition. Hanahan's amended petition, which challenged the revocation decision on statutory and constitutional grounds, was filed on February 3, 1981.
 
 
 6
 On July 2, 1981, the district court denied the petition. On this same date, Hanahan's oral motion to allow the present bond to stand as an appeal bond was granted and the government's oral motion to remand Hanahan to the custody of the Attorney General was denied. On August 27, 1982, this court affirmed the district court's decision dismissing the petition. Hanahan v. Luther, 693 F.2d 629 (7th Cir.1982). On October 1, 1982, the government's motion to vacate the appeal bond and to remand Hanahan to the custody of the Attorney General was granted. Hanahan was ordered to surrender on October 18, 1982. He was subsequently transferred to the United States Penitentiary at Terre Haute, Indiana. On January 24, 1983, Hanahan's petition for a writ of certiorari was denied. 459 U.S. 1170, 103 S.Ct. 815, 74 S.Ct. 1013 (1983).
 
 
 7
 On February 7, 1983, the Parole Commission set a presumptive reparole date of October 18, 1984, giving Hanahan credit for time spent on parole. The period of time from December 27, 1979 to October 17, 1982, when Hanahan was free on court-ordered bail, was found to be "inoperative time."
 
 
 8
 On September 19, 1983, Hanahan filed with the district court a motion to grant him credit against his sentence for time spent on bail. On December 12, 1983, the district court granted Hanahan credit for the time period from December 27, 1979, when Hanahan was released on bond, to September 10, 1980, when the Parole Commission entered an order revoking Hanahan's parole. Credit was denied for the time period from September 11, 1980 to October 17, 1982, when Hanahan, free on bail, was exhausting his administrative and judicial remedies. Hanahan filed a notice of appeal on January 3, 1984. The respondents cross-appealed on February 10, 1984.
 
 II.
 
 9
 Respondents contend, as they did in the district court, that that court lacked jurisdiction to entertain Hanahan's motion.
 
 
 10
 Hanahan's habeas corpus action was dismissed on July 2, 1981. From this "final judgment" of the district court, Heirens v. Mizell, 729 F.2d 449, 454 (7th Cir.1984), Hanahan appealed. We affirmed, and the United States Supreme Court denied certiorari on January 24, 1983. Case closed. Yet, on September 19, 1983, Hanahan filed with the district court a "motion" to grant credit, using the same caption of and case number assigned to the original petition. No basis for the district court's jurisdiction was asserted in the motion.
 
 
 11
 The respondents contend that this procedure was improper: Hanahan's motion attacked the recomputation of his sentence and the decision not to credit bail time against his sentence; because Hanahan challenged the duration of his confinement, his exclusive federal remedy was habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); and because his original habeas corpus action had been closed at the latest with the denial of certiorari, Hanahan was required to file a new petition, naming as respondent his custodian, the warden of the United States Penitentiary at Terre Haute.
 
 
 12
 Hanahan contends that he was seeking clarification of the district court's bail order, which was misinterpreted by the Commission in recomputing his sentence.[1] This argument is disingenuous at best. The only condition set by the court in ordering Hanahan's release on bail was that he appear for the revocation hearing. Although the district court clearly could have ordered that Hanahan be supervised during this period as a condition of bail, it did not. It is difficult to understand how the legal question whether Hanahan is entitled to credit against his sentence for time spent on bail turns on "clarification" of the unambiguous bail order.[2] Indeed, in granting in part Hanahan's motion for credit, the district court did not purport to clarify its bail order. Rather, the court considered as a matter of law (1) whether a parolee who is subject to a parole violator warrant and who is released on bail pending a revocation hearing is entitled to sentence credit for the time spent on bail; and (2) whether one whose parole has been revoked but remains free on bail pending exhaustion of his administrative and judicial remedies is entitled to sentence credit for the time spent on bail.
 
 
 13
 We hold that Hanahan was required to file a new petition for a writ of habeas corpus in order to challenge the administrative recomputation of his sentence following parole revocation. Hanahan's "motion," referred to by the district court as a "petition," failed to name the proper respondent. A writ of habeas corpus is directed to the person who holds the petitioner in what is determined to be unlawful custody. The proper respondent here was Hanahan's custodian, the warden of the United States Penitentiary at Terre Haute, Indiana. At the time of filing, Hanahan was neither incarcerated at MCC nor under the supervision of the United States Probation and Parole Office for the Northern District of Illinois. Luther and Pilcher, named as respondents in Hanahan's motion, had nothing to do with Hanahan's custody at that point in time. Assuming the district court could have sua sponte substituted Hanahan's custodian as the proper respondent, it lacked personal jurisdiction over him.
 
 
 14
 The habeas corpus jurisdictional statute, 28 U.S.C. Sec. 2241(a), requires that the court issuing the writ have jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).
 
 
 15
 So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner ... be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.
 
 
 16
 Id.
 
 
 17
 In sum, the district court lacked jurisdiction to order that Hanahan be given credit for time spent on bail prior to the revocation of parole. Because the district court's jurisdiction of the original habeas corpus action had long since terminated, and because Hanahan's "motion" cannot properly be characterized as a request for clarification of a previous collateral order of that court, it could only be treated as a new petition for a writ of habeas corpus. Construed as such, it was fatally defective. Although the district court had or could have obtained personal jurisdiction over Luther and Pilcher, they did not hold Hanahan in the custody that was alleged to be unlawful. The proper respondent was the warden in whose custody Hanahan was held. Because the district court lacked personal jurisdiction over him, it had no basis for entertaining the petition. The judgment of the district court is vacated, and the case is remanded to the district court with the direction to dismiss the petition.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge of the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Specifically Hanahan contends that the Commission erroneously determined that the supervision of Hanahan during the time he spent free on bail was a condition of that bail
 
 
 [2]
 The dispute over the nature of Hanahan's supervision during this period of time is apparently between an officer of the United States Probation and Parole Office for the Northern District of Illinois, whose understanding was that Hanahan reported to him as a regular parolee, the Commission having failed to direct the office to terminate its supervision of Hanahan, and the Parole Commission, which claims it never affirmatively directed that office to supervise Hanahan while he was free on bail or otherwise to subject him to the Commission's jurisdiction. What needed to be clarified was not the district court's bail order, but the reasons for the office's administrative decision to continue supervision of Hanahan during the time he spent on bail