Arthur **WILLIAMS**, Petitioner–Appellant,

v.

A.L. **TURNER**,* Warden, Respondent–Appellee.

No. 91–1283.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1993.

Decided Sept. 28, 1993.

---

* A.L. Turner, Warden of the Federal Penitentiary in Marion, Illinois, is the present custodian of the petitioner, and thus he is substituted for the petitioner's previous custodian, Thomas Kindt, Warden of the Federal Penitentiary in Terre Haute, Indiana, pursuant to Fed.R.App.P. 43(c)(1).

Before CUDAHY and ROVNER, Circuit Judges, and REAVLEY, Senior Circuit Judge.**

CUDAHY, Circuit Judge.

In September of 1977, Petitioner Arthur Williams was convicted on drug-related charges and sentenced to a five-year federal prison term to be followed by an eight-year term of special parole. Williams was released from prison in March of 1986 and began serving his special parole term.

Because of his continued criminal activity, however, Williams' special parole was revoked in September of 1987. The National Parole Commission (Commission) determined that Williams should return to federal prison and remain incarcerated until the expiration of his eight-year term of special parole. The decision to continue incarceration until expiration was based upon a salient factor score of two and an offense severity level of category five.[1] The severity level assignment (five) was based upon the number and nature of Williams' parole violations.[2] The Commission's decision was affirmed on administrative appeal to the National Appeals Board (NAB).

Williams then sought habeas relief in the district court, arguing that the Commission's revocation determination was erroneous because it was based upon a charge of attempted strong-armed robbery—a charge that had been dismissed due to an inability to locate the victim. The district court agreed that there was an insufficient evidentiary basis for the Commission's consideration of the charge and granted provisional habeas relief. The Commission was ordered to .

conduct an interim hearing at the earliest possible date, and not later than one hundred twenty (120) days from the date of this Entry. At that hearing, the Commis-

Darren B. Watts (argued), Altheimer & Gray, Chicago, IL, for. petitioner-appellant.

Deborah J. Daniels, U.S. Atty., Thomas E. Kieper, Asst. U.S. Atty., Indianapolis, IN, for respondent-appellee.

---

** The Honorable Thomas M. Reavley of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

1. The method dictated by 28 C.F.R. § 2.20 requires that the reviewing panel assign an offense severity category determined by the characteristics of the behavior in question. This category is cross-referenced with a salient factor score determined by the personal characteristics of the offender. The result provides a range that estab-

lishes the length of time an offender must serve before becoming eligible for parole.

2. The Commission considered that Williams had violated the terms of special parole (1) by trespassing in an unoccupied residence, (2) by attempting to commit strong-armed robbery, (3) by failing to submit supervision reports, (4) by resisting arrest without violence and (5) by possessing drug paraphernalia.

sion shall either consider [Williams'] future eligibility for parole without consideration of the ... attempted strong-arm robbery incident; or, the Commission shall support the prior decision to continue to expiration by bringing forward additional evidence. ...

A special reconsideration hearing was held 127 days after entry of the district court's order. The Commission explicitly stated that no finding was made on the charge of strong-armed robbery. Instead, relying on the charge of trespassing, the Commission again determined Williams' parole violation behavior as category five and decided to continue his incarceration until expiration.[3] In reaching its decision, the Commission also considered several of Williams' administrative violations since his return to federal prison.

After the special reconsideration hearing, the respondent Warden filed a notice with the district court informing it of the hearing's results. Based upon the information included in the notice, the district court dismissed the action with prejudice. Because the Commission had remedied its erroneous reliance on the strong-armed robbery charge, the district court concluded that Williams' challenge to the original revocation decision was resolved. Williams timely appealed the district court's decision.

Prior to the district court's dismissal, however, Williams had challenged the results of the special reconsideration hearing in another administrative appeal to the NAB. He argued before the NAB that he had not been supplied with reasons for the Commission's decision and that the Commission did not follow the district court's order because the hearing was not held within the 120 days. Both of these arguments were eventually rejected and the Commission's revised decision became final.

On appeal here, Williams nominally challenges the district court's dismissal of his habeas action. Williams argues that the Parole Commission violated his due process rights (1) by failing to comply with the district court's order to grant him a new hearing within 120 days, (2) by considering his administrative violations in deciding to continue him until expiration, (3) by "scouring" his record for any possible basis to reaffirm its earlier decision in order to punish him for his successes in district court and (4) by failing to give him credit for time spent in federal custody on an earlier arrest for parole violations, from which he was released without incident.

Of course, we have jurisdiction over final decisions of the district court. 28 U.S.C. § 1291. None of the claims Williams brings before us, however, was ever considered or decided by the district court. The district court was simply presented with the claim that the Commission's initial conclusions were based in part upon a dismissed charge of attempted strong-armed robbery. The district court ordered the Commission to conduct a new hearing either without consideration of the robbery charge or with more evidence to support that charge. Once this defect had been corrected, Williams' challenge had been adequately addressed and the district court therefore dismissed his case.

The remaining problem, however, is that the present "appeal" raises new challenges to the Commission's revised decision never presented to the district court. Although the failure to raise a claim below generally results in a waiver, *see United States ex rel. Cole v. Lane*, 752 F.2d 1210, 1219 (7th Cir.1985), here the claims appear to constitute an entirely different cause of action. These claims involve administrative conduct entirely distinct from that addressed in the initial petition and have all the indicia of a separate action. We are not a court of

---

**3.** The panel sitting at Williams' special reconsideration hearing originally graded his offense severity level as category three, based upon the charge of resisting arrest. The Regional Administrator for the Parole Commission disagreed with this determination and reclassified Williams' behavior as category five based upon the trespassing charge. *See* 28 C.F.R. § 2.20,

Offense Behavior Severity Index, Chapter Three, Subchapter B, § 311(b). The Regional Commissioner agreed with the Regional Administrator and referred the case directly to the National Commissioners pursuant to 28 C.F.R. § 2.24(a). The Commission accepted the Regional Commissioner's assessment and a severity level of category five became the official assessment.

original jurisdiction. The district court is the proper place for Williams to initiate proceedings challenging the propriety of the Commission's revised decision. *See Hanahan v. Luther,* 760 F.2d 148, 150 (7th Cir.1985).

■ And even if these new claims could be deemed to be inextricably intertwined with the original petition, their assertion now is problematic. Not only were they not presented to the district court but also they were apparently not raised administratively. There may be a question, therefore, whether Williams has exhausted his administrative remedies. *See Greene v. Meese,* 875 F.2d 639, 641 (7th Cir.1989). The district court, thus, must examine these questions of jurisdiction, exhaustion and possible default. *See Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987). The present appeal is premature.

■ Williams presents no arguments involving the propriety of the district court's dismissal of his original habeas claim.[4] Accordingly, the district court's unchallenged dismissal of Williams' petition with respect to his claim involving the use of the strong-armed robbery is affirmed. We dismiss without prejudice Williams' other claims raised for the first time on appeal. If Williams wishes to pursue these claims in a habeas action, he should present them in a new petition to the district court.

AFFIRMED IN PART AND DISMISSED IN PART FOR WANT OF JURISDICTION.

---

4. The only argument Williams presents which could be construed as relevant to the district court's dismissal involves the failure of the Commission to hold a new hearing within 120 days. The minimal delay which occurred, however, was attributable to Williams' disciplinary transfer between prisons and was not prejudicial. Even had the Commission been at fault, these delays would not entitle Williams to relief based on the Constitution or other federal law. *Cf. Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir.) (Commission failed to comply with court-imposed sixty-day notification deadline), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981).