48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Frank N. CERVANTES, Petitioner-Appellant,
v.
Thomas R. KINDT, Respondent-Appellee.
 No. 92-1487.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Frank N. Cervantes, who is serving a sentence imposed by a Texas state court but is housed with the Federal Bureau of Prisons as a boarder, appeals from the district court's order dismissing without prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 Cervantes maintains that he has been denied meaningful access to courts because he does not have access to legal materials relating to Texas state law. A three-tier system of administrative remedy procedures permits an inmate in a federal prison to seek review of a complaint relating to his imprisonment. 28 C.F.R. Sec. 542.10, and procedures for appeal exist, 28 U.S.C. Secs. 542.11-542.16. Cervantes has done no more than send an informal request for a Texas presentence investigation report. Cervantes, therefore, has failed to exhaust the administrative remedies available to him. Habeas relief must be denied unless he can show cause for and prejudice from his failure to exhaust. See Greene v. Meese, 875 F.2d 639 (7th Cir.1989). Cervantes has not made a serious attempt to show either cause or prejudice, nor have we found either to be apparent from the record. Instead, there is a remarkable absence of facts leaving us to wonder, e.g., what Texas-related materials Cervantes seeks, why he has not requested them, whether he is represented by counsel in the Texas proceedings, or what those proceedings might be.
 
 
 3
 Other extraneous matters raised in the pro se brief will not be addressed, because they are either irrelevant to the issue raised in the habeas petition, or were not raised before the district court. See Williams v. Turner, 5 F.3d 1114, 1117 (7th Cir.1993).
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record