107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Myron KYKTA, Petitioner-Appellant,
v.
Odie WASHINGTON, Respondent-Appellee.
 No. 96-1799.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 5, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied March
17, 1997.
 
 Before: FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Myron Kykta was convicted in state court of possession of cocaine with intent to distribute. His conviction and sentence of 26 years were affirmed by the Illinois Appellate Court and denied review by the Supreme Court of Illinois. Kykta's state post-conviction proceedings resulted in denials of relief after which he petitioned in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition. Kykta now appeals. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 Kykta argues that he was denied effective assistance of counsel in violation of the Sixth Amendment due to counsel's failure to competently argue Fourth Amendment issues. Kykta's residence was searched and incriminating evidence seized therein based on a warrant to search "[t]he person of any and all persons within the residence described in paragraph 'B'." Paragraph "B" simply stated Kykta's address and a description of the property. Kykta contends that his attorney failed to argue that the search was beyond the scope of the warrant in violation of the Fourth Amendment because the warrant only provided for the search of persons at his property and not the property itself. See United States v. Nafzger, 965 F.2d 213, 215 (7th Cir.1992) (search warrants must describe the place to be searched with particularity); Horton v. California, 496 U.S. 128, 140 (1990) (if the scope of the search exceeds that permitted by the terms of the warrant, the search is unconstitutional). Kykta also asserts that counsel failed to argue that the seizure of safe deposit box keys from his bedroom was illegal because the warrant did not expressly contemplate seizure of safe deposit box keys.
 
 
 3
 In a thorough opinion, the district court found the search of Kykta's property satisfied the "good-faith" exception to the exclusionary rule, thereby rendering evidence seized from the search admissible. Similarly, the district court found the keys evidence admissible under the "plain-view" exception. Upon determining that the evidence discovered during the search was admissible, the district court held that no prejudice resulted from counsel's alleged failure to competently challenge the search, and therefore that the Sixth Amendment right to effective counsel was not violated. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Lockhart v. Fretwell, 506 U.S. 364, 368 (1993). We agree with the district court.
 
 
 4
 The "good-faith" exception provides that evidence will not be excluded even though it was obtained by a search actually exceeding the scope of the warrant as long as the officers conducting the search acted under an objectively reasonable belief that the search was authorized. Massachusetts v. Sheppard, 468 U.S. 981, 988 (1984); United States v. Leon, 468 U.S. 897, 922-23 (1984). The Illinois Appellate Court on direct appeal, People v. Kykta, No. 2-89-1027, order at 8 (Ill.App. Oct. 26, 1990), and the Illinois post-conviction relief court, People v. Kykta, No. 89-CF-969, Tr. at 51 (Lake County Cir. Jul. 18, 1991), determined that the officers conducting the search of Kykta's house possessed a good-faith belief that the search was authorized. After reviewing the Illinois courts' legal determinations de novo, Pitsonbarger v. Gramley, No. 95-3912, slip op. at 2 (7th Cir. Dec. 19, 1996), we find that the decision of the Illinois courts is not contrary to Supreme Court precedent and is not based on an unreasonable determination of the facts in light of the evidence.[1] 28 U.S.C. § 2254(d).
 
 
 5
 The officers' good-faith belief in the legality of the search was objectively reasonable. As the district court pointed out, the complaint, which was read by the warrant-issuing judge, expressly intended the search of Kykta's residence. Moreover, the warrant expressly contemplated the seizure of particular items which would most likely not be found on Kykta's person, such as scales and drug processing paraphernalia. In addition, the officers who conducted the search waited poised outside of Kykta's home, even after the controlled delivery of the package of cocaine, until the judge issued the warrant to the officers via telephone.[2]
 
 
 6
 The objectives of requiring that warrants describe the premises to be searched with particularity have not been compromised by the invocation of the good-faith exception in this case. First, the search of Kykta's residence was not a "general, exploratory rummaging in a person's belongings." Andresen v. Maryland, 427 U.S. 463, 480 (1976), cited in Nafzger, 965 F.2d at 215. It was a carefully planned and timed response to a controlled delivery of a shipment of drugs which Kykta was awaiting, and the search was conducted with the goal of discovering evidence precisely related to drug trafficking. Second, the scope of the search in this case was limited to "the places in which there [was] probable cause to believe" that evidence of drug trafficking would be found. Maryland v. Garrison, 480 U.S. 79, 84 (1987), cited in Nafzger, 965 F.2d at 215. It makes sense that Kykta's residence, as the destination of a shipment of drugs and the location at which Kykta himself personally took possession of the shipment, was the most likely site at which any auxiliary accoutrements indicative of drug use, manufacturing or sales, would probably be found. Accordingly, even if the search exceeded the technical language of the warrant,[3] Kykta's Sixth Amendment claim necessarily fails because the search falls squarely under the "good-faith" exception and therefore Kykta suffered no prejudice for counsel's failure to competently challenge the search. See Strickland, 466 U.S. at 697.
 
 
 7
 Kykta's safe deposit box keys were not specified in the warrant as items contemplated for discovery by the search. However, the "plain-view" exception provides that as long as the following three conditions are satisfied, evidence not particularly anticipated by the warrant is admissible: (1) "the officer [seizing the evidence] did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed;" (2) the evidence was in plain view; and (3) the "incriminating character [of the evidence was] immediately apparent." Horton, 496 U.S. at 136-37.
 
 
 8
 We agree with the district court that the officers, having satisfied the "good-faith" exclusionary rule, satisfied the Fourth Amendment for purposes of the first prong of the "plain-view" doctrine. The search was not illegal for purposes of the admissibility of evidence specified in the warrant with particularity, and likewise the search was not illegal for purposes of evidence seized under the "plain-view" doctrine. But see United States v. Willis, 37 F.3d 313, 316 (7th Cir.1994) ("plain-view" doctrine applied where officer satisfied the Fourth Amendment by making an investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968)).
 
 
 9
 That the keys were in plain view is not disputed. Kykta insists that the keys, because they were found in a bedroom upstairs and not near the delivered package of cocaine near the downstairs entry, were out of the search bounds even if the search of his residence was authorized. However, officers legally searching a given residence are authorized to search any place within the residence wherein may be items enumerated in the warrant, including the bedroom. United States v. Ross, 456 U.S. 798, 820-21 (1982).
 
 
 10
 Finally, Kykta challenges the obviousness of the safe deposit box keys as an instrument of drug trafficking. We agree with the district court that the presence of five safe deposit box keys is unusual in any event, and that the presence of the keys coupled with Kykta's receipt of the package of cocaine just moments earlier caused the officers to immediately perceive an illicit connection between the keys and the drug offense based on the reasonable inference that the respective safe deposit boxes probably contained drugs and or proceeds from drug trafficking. See United States v. Eschweiler, 745 F.2d 435, 439-40 (7th Cir.1984). Since the evidence of the safe deposit box keys and their contents was admissible under the "plain-view" doctrine, no prejudice resulted from counsel's failure to raise the Fourth Amendment issue, and therefore the Sixth Amendment ineffective assistance of counsel claim is also without merit.
 
 
 11
 In his brief to this court Kykta raises several claims for the first time.[4] However, these issues were "not presented to the district court, and we do not review issues raised for the first time on appeal." United States ex rel. Cole v. Lane, 752 F.2d 1210, 1219-20 (7th Cir.1985), cited in Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir.1995); Williams v. A.L. Turner, 5 F.3d 1114, 1116 (7th Cir.1993). It is settled that "a litigant cannot present to [the Court of Appeals] an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.1983) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)), cited in Cole, 752 F.2d at 1219. The district court was not "presented with the legal arguments and facts on which [these] claim[s] [are] based and thus was denied the opportunity to investigate and to rule on the claim[s]." Cole, 752 F.2d at 1219-20.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), applies to Kykta's petition. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc). However, Kykta's claims would fail under former § 2254 as well
 
 
 [2]
 Kykta contends that, based on the discrepancy between the original and the corrected times indicated on the warrant by the issuing judge, that the judge did not read the complaint and that the warrant was issued after the search had already begun. However, the Illinois post-conviction court, after a thorough evidentiary hearing, found that the judge signed the warrant after the controlled delivery and before the search. People v. Kykta, No. 89-CF-969, Tr. at 46 (Lake County Cir. Jul, 7, 1991). Kykta has not offered any evidence to the contrary; accordingly, we will not disturb these findings of fact made by the state court. 28 U.S.C. § 2254(e)(1); see note 1, supra. Incidentally, even under the prior standard of reviewing state court findings of fact we would defer to the Illinois courts in this case (see former § 2254(d)(8))
 
 
 [3]
 We do not decide whether the complaint was incorporated with the warrant sufficient to render the language of the complaint part of the language of the warrant and thus part of the particularized designation of the premises to be searched
 
 
 [4]
 Kykta claims that the warrant-issuing judge did not read the warrant, abandoned impartiality, and committed perjury. Kykta further contends that his attorneys failed to argue that the complaint document signature is a forgery and that during the search a reporter was invited and permitted into Kykta's residence by the officers conducting the search